*20 SHEDD, Circuit Judge,
dissenting:
As the majority notes, before oral argument the government filed an unopposed motion to remand for resentencing. The government asserted that the district court “did not follow the procedures outlined in [United States v. Carter, 564 F.3d 325 (4th Cir.2009)],” and it observed that “[o]n remand, the parties should be permitted to address any objections they wish to assert regarding the defendant’s sentencing guidelines calculations.” At oral argument, the government reiterated this position, and Lovin agreed.
The majority is correct that we are not bound by a party’s concession of error. However, under the specific circumstances of this case, the interests of justice are best-served by granting the government’s well-reasoned, good-faith concession of error and remanding to give the district court the opportunity to resentence Lovin in a manner in which the parties have confidence. See generally Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 571-72, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980) (noting that “[t]o work effectively, it is important that society’s criminal process satisfy the appearance of justice” (quotation marks and citation omitted)).
Because I would grant the government’s unopposed motion to remand, I dissent from the majority’s decision to affirm the sentence.